## Kirkpatrick, Appellant, *v.* Heydrick et al.

*Ejectment—Estoppel—Will—Deed—Evidence.*

The defendant in an action of ejectment is not estopped from setting up title under a will by which the land is devised to her, although she accepted a deed from testatrix for the same land some years after the will was made.

Argued April 25, 1894.  Appeal, No. 510, Jan. T., 1894, by plaintiff, James Kirkpatrick, from judgment of C. P. Erie Co., Feb. T., 1893, No. 3, on verdict for defendants, Margaret Doughty Heydrick and husband.  Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Ejectment.   Before GUNNISON, P. J.

At the trial it appeared that plaintiff .claimed title as heir of Eliza Flint.   Defendant claimed title under the will of Eliza Flint.

Defendant offered in evidence certified copy of will of Mrs. Eliza Flint, dated Oct. 2, 1886, probated Sept. 7, 1892.   Objected to as incompetent and irrelevant for any purpose in this case, inasmuch as defendant has placed upon record a deed of the same property, executed May 10, 1889, recorded Oct. 10, 1890, which shows on the face of the record that at the time of her death the will had been revoked by the execution of the deed, and that if the deed was good she had no title to the property to will to any one.   Further, for the reason that Eliza Flint, at the time of the making of the alleged will was incompetent to make a will and had no mental power to dispose of her property, and that she never did dispose of it by will to anybody.   Objections overruled, evidence admitted and bill sealed.   [1]

Plaintiff in rebuttal proposes to show that on May 10, 1889, defendant received from decedent a deed of this property which was recorded Oct. 10, 1890, for an alleged consideration of $1.00, for the purpose of showing that defendant in this case received the deed of this same property which is alleged to have been conveyed by will, made some years after said will; this for the purpose of showing that upon the face of the record defendant acquired no title whatever under the will; and this offer is made for the purpose of showing that by defendant's own act of receiving and recording the deed, the will is a nullity and that she is estopped from setting it up to acquire title to the property in dispute by reason of thus accepting and recording said deed; and the plaintiff reserves the right in this offer to show that, at the time of the execution of the deed, the grantor, Eliza Flint, was incapable and incompetent to make the deed.

Defendants do not object to the offer of the deed if given its proper legal effect; but do object to its offer for the purposes stated in the proposition, as incompetent and irrelevant.

The Court: When you offer a deed in evidence and it is received it must be given its proper legal effect.   You cannot restrict the force of your evidence when it is admitted.   If the

deed is competent evidence it cannot be rejected, and if it is admitted it is evidence and cannot be restricted in what it shows. But we will admit the deed and you can argue that afterwards. I do not see any elements of estoppel in this offer at all. The offer as made is overruled. There is no principle that I know of by which you can raise the doctrine of estoppel in this way. In order to invoke the doctrine of estoppel, the party must show that the act of the other party has misled him to his prejudice and injury and loss, and there is no such element in this offer, and the evidence offered is therefore immaterial and is excluded. Exception by plaintiff's counsel and bill sealed. [2]

Plaintiff offers the same deed for the purpose of showing that, at the time of the death of Mrs. Flint, Mrs. Flint was not the owner as alleged by defendant of the land described in the writ, and that thereby plaintiff was misled and prevented from raising the issue of the capacity of decedent to make the will in question; and now proposes to attack the validity of the deed on the ground of the incapacity of the grantor to make it at that time, said deed having been delivered and recorded in the lifetime of the grantor, Mrs. Flint. Objected to as incompetent and irrelevant.

The Court: It is the same offer. I do not see any difference in it. You cannot defeat the title of the defendant claimed to have been acquired by the will, by showing that she acquired the title by deed prior to the death of the testatrix. That would not help the plaintiff any. If you have invested money upon the false statement of a person, and relied upon it and thereby lost the money, then in the future the person cannot set up the falsity of the statement to prevent you from recovering it back. But you have proposed to show nothing here by which you were misled to your injury. Her capacity at the time she made the deed is entirely immaterial, without the further offer on the part of the plaintiff to show that she was incapable of making the will at the time she made that. There is nothing in regard to the will included in your last offer. Objection sustained, evidence excluded and bill sealed. [3]

Plaintiff's counsel state that in the last offer they also propose further to show that Mrs. Flint was incapable to make the deed at the time she made it and that defendant knew it and accepted it and put it upon record, as notice to the whole pub-

lic and to every one that she claimed by it. Objected to as before, objection sustained, evidence excluded and bill sealed. [4]

Counsel for plaintiff now renew the last proposition in full as made, and propose to follow it by evidence showing that by reason of the deed being on record from Eliza Flint to Margaret D. Heydrick, bearing date May 10, 1889, and recorded Oct. 10, 1890, and it having been executed, delivered and recorded in the lifetime of the grantor, that plaintiffs were thereby misled and supposed that defendants in this case claimed the land in question under and by virtue of the said deed and not otherwise. Objected to as before.

The Court: That would not be such a misleading as would constitute an estoppel. Exceptions by plaintiff's counsel and bill sealed. [5]

The court gave binding instruction for defendants. [6]

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1–5) rulings on evidence; (6) above instruction; quoting bills of exceptions and instruction.

*S. M. Brainerd, George H. Higgins* with him, for appellant, cited: 1 Bouvier, Dict., Will, Deed; Skerrett v. Burd, 1 Whart. 246; Jones v. Hartley, 2 Whart. 103; Wogan v. Small, 11 S. & R. 141; Marshall v. Marshall, 11 Pa. 430; Cooper's Est., 4 Pa. 88; Pleasant's Ap., 77 Pa. 356; McTaggart v. Thompson, 14 Pa. 149; Balliet's Ap., 14 Pa. 451; Parry v. Parry, 130 Pa. 95.

*F. F. Marshall,* for appellees, cited: 1 Jarman on Wills, 5th Am. ed. 285; Smith v. Wait, 4 Barb. 28; Forman's Will, 54 Barb. 274; 1 Redfield on Wills, 323; Lorain v. Hall, 33 Pa. 270; McIlvaine v. McIlvaine, 6 S. & R. 559; Irwin v. Cooper, 92 Pa. 298; Waters's Ap., 35 Pa. 523; Sensinger v. Boyer, 153 Pa. 628; Galbraith v. Zimmerman, 100 Pa. 374; Malone & Son v. R. R., 159 Pa. 430; Act of April 22, 1856, P. L. 533; Wilson v. Gaston, 92 Pa. 207; Cochran v. Young, 104 Pa. 333.

PER CURIAM, May 7, 1894:

In response to the prima facie case presented by plaintiff's evidence in chief, defendants offered the will of Eliza Flint,

the admission of which is the subject of complaint in the first specification. This was for the purpose of showing title in Mrs. Heydrick, one of the defendants. For that, the will was clearly competent and rightly received.

The second to fifth specifications, inclusive, are to the rejection of plaintiff's offers, in rebuttal, therein stated. The offer of Mrs. Flint's deed to Mrs. Heydrick was coupled with the reserved right of showing that the grantor was incompetent to make the deed, and that by defendant's own act of receiving and recording the deed the will became a nullity, and she thereby estopped herself from setting up the will as evidence of title in herself. The deed itself was not objected to; but it was rightly held that, if admitted, its legal effect as evidence could not be restricted in the manner proposed, and that the offer contained none of the elements of estoppel. As presented, the offer was rightly rejected; and the same is true as to the remaining offers in rebuttal. Neither of these specifications can be sustained.

On the evidence before the jury, the defendants were entitled to their verdict, and there was no error in so instructing them.

Judgment affirmed.